Opinion issued January 26, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00855-CR

———————————

In re donald
edward berry, Relator



 



 



Original Proceeding on Petition for Writ of Mandamus

 



 

MEMORANDUM OPINION

Relator, Donald Edward Berry, has
filed, pro se, a petition for writ of mandamus,
asking that we order respondent, the Harris County District Clerk, to provide
him with documents from court records
related to his post conviction writ of habeas corpus.  

This Court has mandamus jurisdiction against a district
court judge or county court judge in our district, and we may issue all writs
necessary to enforce our jurisdiction.  See
Tex. Gov’t Code
Ann. § 22.221 (Vernon 2004).  We have no authority to issue a writ of mandamus
against a district clerk except to protect our jurisdiction.  In re Coronado, 980 S.W.2d
691, 692 (Tex. App.—San Antonio 1998, orig. proceeding).  Relator has not shown that the issuance of a
writ of mandamus is necessary to enforce this Court’s jurisdiction.

According to the petition, the documents that relator
requested from respondent are for use in a post-conviction proceeding for a
writ of habeas corpus. See Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon 2005).  We have no
authority to issue writs of mandamus in criminal law matters pertaining to
habeas corpus proceedings in which relief is sought from a final felony
judgment. That jurisdiction lies exclusively with the Texas Court of Criminal
Appeals.  See Bd. of Pardons &
Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist., 910 S.W.2d
481, 483 (Tex. Crim. App. 1995); In re McAfee, 53 S.W.3d
715, 717–18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Accordingly, we dismiss the petition
for lack of jurisdiction.

PER CURIAM

Panel
consists of Justices Jennings, Sharp, and Brown.

Do
not publish.  Tex. R. App. P. 47.2(b).